UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JEFFEREY A. HURLEY, #1012464,

        Petitioner,

v.                              ACTION NO. 2:12cv408

HAROLD W. CLARKE,
Director of the Virginia
Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

## I. STATEMENT OF THE CASE

On July 15, 2009, the petitioner, Jefferey A. Hurley, was convicted of feloniously eluding police, failure to appear, and child neglect in the Circuit Court of the City of Norfolk. *Commonwealth v. Hurley*, CR08003250 (Va. Cir. Ct. July 15, 2009). Petitioner was sentenced to nine years in prison, with all but one year and seven months suspended. Following his conviction, Hurley was held at the Norfolk City Jail until August 11, 2009, when he was assigned to home electronic monitoring. On October 23, 2009, Hurley escaped custody and remained a fugitive until he was arrested and returned to Norfolk City Jail on December 11, 2009. He was then transferred to a state correctional facility on August 13, 2010.

Hurley did not directly appeal his conviction. He did, however, execute a petition for a state writ of habeas corpus to the Supreme Court of Virginia on September 7, 2011. *Hurley v. Director of Dept. of Corrections*, Record No. 111219 (Va. June 29, 2009). The court dismissed his petition on June 29, 2012. *Id.*

Hurley filed the present petition on July 7, 2012. Petition (ECF No. 1). Petitioner asserts he is entitled to relief under 28 U.S.C. § 2254 because he received ineffective assistance of counsel at trial and at sentencing, and because his trial counsel lied during Petitioner's state habeas proceedings. *Id.* Respondent filed a Rule 5 Answer and Motion to Dismiss on August 27, 2012 (ECF Nos. 7-9), to which Petitioner replied on November 5, 2012 (ECF No. 13). Accordingly, this matter is ripe for adjudication.

## II. **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The petitioner's claims are barred by the federal habeas statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; [or]
> . . .
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2012).  Section 2244(d) is part of the Antiterrorism and Effective Death Penalty Act (AEDPA) which was signed into law on April 24, 1996.  Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, §§101 (1996).

First, under the statute, the Court must determine when the statute of limitations period began to run on Petitioner's claim. The statute of limitations starts to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(B) (2012). Hurley's conviction became final on July 15, 2009. Hurley then had thirty days to note an appeal to the Virginia Court of Appeals, which he did not. Therefore, thirty days after his conviction, August 14, 2009, was the expiration of his time to seek direct appellate review of his conviction and the date that the statute of limitations started to run on filing his federal habeas petition.

The applicable statute in this case, 28 U.S.C. § 2244(d), also mandates that the statute of limitations be tolled during the time in which the petitioner has properly filed an application for "post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2) (2012). Petitioner, however, is not entitled to this tolling because his state filing occurred after his federal statute of limitations had ran. Petitioner had one year from August 14, 2009 to file his federal petition, but he did not file his writ for state habeas corpus review until September 7, 2011. Although the Supreme Court of Virginia conducted a merits review of Hurley's petition, this state petition does not toll the statute of limitations because it was filed over one year from when the federal statute of limitations started to run.

Petitioner filed this federal claim on July 7, 2012, which was two years, ten months, and 23 days or one thousand, fifty-eight (1058) days after the claim accrued on August 14, 2009. This

is well beyond the one year statute of limitations period set forth by the statute, and therefore, Hurley's petition is barred by the statute of limitations.

Hurley argues that equitable tolling should apply in this case. The Court ordered additional briefing on the issue of equitable tolling. ECF No. 14. Following the Court's review of the additional briefing done by both Petitioner and Respondent, the Court finds that equitable tolling of the statute of limitations is inapplicable in this case. Although the federal limitations period can be subject to equitable tolling, the burden falls on the Petitioner to demonstrate that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). Petitioner bears the strong burden of asserting specific facts to demonstrate both elements. *Id.*

Petitioner argues that equitable tolling should apply to the time he spent in the Norfolk City Jail because he alleges that the jail did not have an adequate law library and access to the library was heavily restricted. Pet.'s Br. in Opp. of Resp. Rule 5 Answer and Motion to Dismiss 1-7 (ECF No. 13).[1] These restrictions, Petitioner alleges, made it extremely difficult for him to prepare his federal petition for a writ of habeas corpus, and therefore, the time he spent in the city jail should be tolled.

The Court finds this argument unpersuasive for two reasons. First, assuming arguendo that Petitioner is entitled to toll the time he spent in the city jail, Petitioner still failed to file his

---

[1] Petitioner also argues that he is entitled to equitable tolling because Virginia's 50 page rule delayed his state habeas filing. Pet.'s Br. in Opp. of Resp. Rule 5 Answer and Motion to Dismiss 7-9 (ECF No. 13). This argument is based on the Commonwealth declaring his state habeas petitioner untimely. This, however, is a moot point because the Supreme Court of Virginia decided Hurley's petition on the merits. *Hurley v. Director of Dept. of Corrections*, Record No. 111219 (Va. June 29, 2009). Further, this is moot because Hurley's state petition was filed after his federal statute of limitations had run.

petition within the statute of limitations. Second, Petitioner failed to show that he was pursuing his rights diligently and that the inadequacy of the city jail's law library constituted an extraordinary circumstance that barred his ability to file his petition.

Although the Court does not believe Petitioner has made a case for equitable tolling, if the Court were to assume that the time Petitioner spent in the city jail should be tolled, Petitioner would still be untimely in filing his federal petition. Hurley's statute of limitations started to run on August 14, 2009. Hurley had been released from the Norfolk City Jail three days before his statute of limitations started to run. *See* O'Toole Aff. 1 (ECF No. 17-1). Hurley was on home monitoring until he escaped custody on October 23, 2009. *Id.* He was then arrested and returned to Norfolk City Jail on December 11, 2009. *Id.* Hurley was held at Norfolk City Jail from December 11, 2009 until August 13, 2010, or for eight months, two days or two-hundred forty-five (245) days. As discussed before, Petitioner filed his petition one thousand, fifty-eight (1058) days after his statute of limitations started to run. If the Court were to agree that Petitioner was entitled to equitable tolling and toll the statute for the time he spent in the city jail, Hurley's petition still would have been filed eight-hundred, thirteen (813) days after his statute of limitations started to run.[2] This remains well-beyond the one year statute of limitations set by the statute.

It is also important to note that Petitioner cannot claim equitable tolling for the time that he was on home monitoring and for the time during which he was a fugitive. The arguments for equitable tolling presented by Petitioner cite the Norfolk Jail's law library as the problem. This

---

[2] Although Petitioner is not entitled to toll the statute of limitations for the time his state petition was before the Supreme Court of Virginia, even if that time was tolled and he was granted equitable tolling, he still filed his federal petitioner five-hundred, seventeen (517) days after his statute of limitations started to run, which is beyond the statute of limitations.

impediment did not exist for the time that Petitioner was at home or was a fugitive. Therefore, the approximately four months that Petitioner was either at home or a fugitive count against the statute of limitations. *See e.g., Verikokisis v. Galetka*, 42 Fed. App'x 311, 312 (10th Cir. 2002) (holding that when the obstacle claimed by a prisoner is indirectly caused by the prisoner escaping and becoming a fugitive, equitable tolling is inappropriate).

Additionally, Petitioner failed to meet his burden to demonstrate that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562. Petitioner's argument for equitable tolling focused on the alleged difficulty for a prisoner to use the Norfolk City Jail's law library. Pet.'s Br. in Opp. of Resp. Rule 5 Answer and Motion to Dismiss 3 (ECF No. 13). To that end, his brief discusses general issues he perceives with the law library, including the expense of making copies, the few places available in the library given the number of inmates, the one-hour time limit to using the library and other limits placed on the library's use. *Id.* at 1-7. None of these issues specifically pertain to him or to his efforts to enforce his rights and ability to submit a writ for habeas corpus.

The information provided by the Commonwealth shows that Petitioner was able to use the law library when he wanted and to the extent he wanted. According to jail records, Hurley requested access to the law library six times. O'Toole Aff. 1 (ECF No. 17-1). He requested access on both March 18, 2010 and March 19, 2010 and was allowed to go the library on March 19. *Id.* He requested to go to the library on April 13, 2010 and was allowed to go that day. *Id.* at 2. On June 16, 2010 he requested to go to the library and once given permission, Hurley refused to go. *Id.* at 2. On July 9, 2010 he requested research materials, and on July 12, 2010, he requested access to the library and was given permission to go that day. *Id.* at 2.

6

Petitioner made a number of blanket accusations with regards to the jail's policy for the law library and cited these as obstacles to him enforcing his right to file his petition. However, when examining Petitioner's actual experience with the jail, these obstacles simply did not exist. Petitioner argued that the jail required a request be made two weeks in advance ot use the library. However, as jail records show that Petitioner was frequently allowed to use the library on the same day he made his request. Similarly, Petitioner points to the high cost to make copies as a barrier to him enforcing his rights. However, on April 13, 2010, Petitioner was provided 140 pages of legal research and on July 12, 2010, he was provided with fifty pages of legal research. Finally, Petitioner argues that the one-hour limit is yet another barrier to the use of the library. The records shows that Petitioner, however, was able to use the library for between three and five hours each time he visited.

The issue before the Court is not whether the policies of the Norfolk City jail created an extraordinary circumstance that warrant equitable tolling, the issue is whether Petitioner's rights were actually harmed by an extraordinary circumstance. They were not. The facts show that Hurley was allowed regular access to the law library and was allowed to go each time he requested and was allowed to stay at the law library for between three and five hours. O'Toole Aff. 1-3 (ECF No. 17-1). Further, the City Jail's law library is home to the Code of Virginia, American Jurisprudence and Charles Friend: the Law of Evidence in Virginia and prisoners have access to Casefinder. *Id.* at 2. This is a significant amount of legal research resources.

The test for equitable tolling is not whether general policies existed, which could impact a prisoner's ability to file a petition. The test, as set forth in *Holland*, requires the petitioner show that he was diligently pursuing his rights and that there was in fact an extraordinary circumstance

that warrants tolling. 130 S. Ct. at 2562. Petitioner has made no showing that he was pursuing his rights and only cites to the written policy of the jail as the extraordinary circumstance. Petitioner fails to prove he was in fact hindered by the policy.

The Court finds equitable tolling does not apply in this case because even if the time spent in the Norfolk City Jail were tolled, the petition remains untimely, and Petitioner failed to carry his burden.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends the petition for writ of habeas corpus be DENIED as barred by the statute of limitations, and Respondent's motion to dismiss be GRANTED.

Furthermore, Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with

a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
May 9, 2013

**CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was forwarded this date to the following:

Jefferey A. Hurley, #1012464
Pocahontas State Correctional Center
920 Old River Road
P.O. Box 518
Pocahontas, VA 24635-0518

Robert Homer Anderson, Esq.
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219

    Fernando Galindo, Clerk

    By _____
      Clerk of the Court

    May            , 2013